UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL BRENT,

        Plaintiff,

v.

AMERICAN FEDERATION OF STATE, COUNTY
AND MUNICIPAL EMPLOYEES LOCAL 207,

        Defendant.

Case number 05-71186
Honorable Julian Abele Cook, Jr.

ORDER

On August 25, 2005, the Plaintiff, Nathaniel Brent, filed a motion in which he asked the Court to reconsider its decision to deny his request for the entry of a default judgment against the Defendant, American Federation of State, County and Municipal Employees Local 207 ("AFSCME"). For the reasons that are stated below, the Court denies Brent's motion and affirms its earlier Order.

I.

The standard of review for a motion for reconsideration in this district is governed by E.D. Mich. LR 7.1(g)(3), which reads:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

In this context, a "palpable defect" is defined as an obvious, clear, unmistakable, manifest, or plain deficiency. WEBSTER'S NEW WORLD DICTIONARY 974 (3rd Ed. 1988); WEBSTER'S NEW

WORLD THESAURUS 544 (Rev. Ed. 1985). Utilizing this definition, the claimed defect in the challenged order must be evident to an objective reader and not subject to any reasonable dispute.

In support of his motion, Brent argues that the Court (1) should have required AFSCME to file for an extension of time in which to respond to the Complaint, as well as to his motion for the entry of a default judgment and (2) erred in finding that the Defendant had demonstrated "excusable neglect" in filing a late response to his Complaint and motion. The arguments raised in Brent's motion have not identified any "palpable defect," as these words are used in the Local Rule 7.1(g)(3). As such, Brent's argument does not support his request for the entry of a default judgment.

Default judgments are generally disfavored by the law. *See Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir.1986). Moreover, the entry of a default judgment is "not a matter of right." Rather, it is a matter of discretion for the district court. *Gerlach v. Michigan Bell Tel. Co.,* 448 F. Supp. 1168, 1174 (E.D. Mich. 1978). In determining whether to enter a default judgment, a court may consider a number of factors, including (1) the amount of money sought by the plaintiff, (2) whether the default is largely technical, (3) if the plaintiff has been substantially prejudiced by the delay involved, and (4) whether the default was caused by a good-faith mistake or by inexcusable neglect. *See* CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2685 at 36 (3d. ed. 1998).

During the hearing relating to the petition by AFSCME to set aside the default, the Court focused on whether Brent had been substantially prejudiced by any delay as the result of the late response to the Complaint. In order to establish prejudice, Brent must show that the delay will likely result in the loss of evidence, an increased difficulty in obtaining discovery, or the creation of greater

opportunities for AFSCME to commit fraud. *See Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990). A finding of delay, by itself, is not a sufficient basis upon which to establish prejudice. *INVST Financial Group, Inc., v. Chem-Nuclear Systems, Inc.,* 815 F.2d 391, 398 (6th Cir. 1987).

At the hearing, and now again in his motion to reconsider, Brent has failed to establish that he had suffered any specific and identifiable prejudice by AFSCME's late response. In the absence of any such evidence that he has been prejudiced by the tardy action of AFSCME, Brent's request for the entry of a default judgment in this case must fail.

Brent's argument that AFSCME has not established excusable neglect fails as well. Since all ambiguities and disputed facts within the context of a motion under the Federal Rules of Civil Procedure must be resolved in a light that is most favorable to a defendant, this Court must give credit to AFSCME's contention that its late response was due to a clerical error. *See Berthelsen*, 907 F.2d at 621.

Finally, the considerable sum of money that is sought by Brent in this case supports the denial of a default judgment in this matter. Given the general rule that trials on the merits are preferred over default judgments, this Court is reluctant to award a judgment in the amount of $380,000.00 in favor of Brent on the basis of a technical deficiency. *See id.* at 620.

III.

Based on a review of the record, the Court concludes that Brent has not identified a "palpable defect" which would result in a different disposition of this case. Accordingly, his motion for reconsideration must be, and is, denied.

IT IS SO ORDERED.

DATED:   September 12, 2005              s/ Julian Abele Cook,Jr.
         Detroit, Michigan               JULIAN ABELE COOK, JR.
                                         United States District Judge

Certificate of Service

I hereby certify that on September 12, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                         s/ Kay Alford
                                         Courtroom Deputy Clerk