UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL BRENT,

      Plaintiff,

v.

      Case number 05-71186
      Honorable Julian Abele Cook, Jr.

AMERICAN FEDERATION OF STATE, COUNTY
AND MUNICIPAL EMPLOYEES LOCAL 207,

      Defendant.

ORDER

On February 22, 2005, the *pro se* Plaintiff, Nathaniel Brent, initiated this case with claims of civil rights violations, loss of employment and pay, and mental anguish against the Defendant, American Federation of State, County and Municipal Employees Local 207.[1]

Now before this Court is the Plaintiff's latest motion, in which he asks this Court to impose sanctions against the Defendant's attorney who, in his opinion, violated the Federal Rules of Civil Procedure. On the other hand, the Defendant's attorney, in denying all charges of ethical violations or improper conduct, seeks to obtain fees and expenses as sanctions "since [the Plaintiff's pending] motion is patently frivolous and a waste of time." Br. Supp. Def.'s AFSCME's Resp. Pl.'s Mot.

---

[1] The following represents the calendar of motions that have been proffered by the Plaintiff subsequent to the filing of his complaint in this case: (1) "Request for Entry of Default" (filed on March 17, 2005 and denied on March 23, 2005); (2) "Request for Entry of Default" (filed on March 21, 2005); (3) "Request Decision for Default Judgment"(filed on April 19, 2005 and denied on August 22, 2005);(4)"Motion to Strike" (filed on July 1, 2005 and denied on August 22, 2005); (5) "Motion for Reconsideration"(filed on August 25, 2005 and denied on September 12, 2005); (6) "Notice of Appeal"(filed on September 15, 2005); and (7) "Motion for Sanctions against Defense Counsel" (filed on September 21, 2005 and is now pending before the Court).

Sanc. Def. Council (sic) at 3.

For the reasons that are stated below, the Court denies both requests for sanctions.

I

In support of his request, the Plaintiff maintains that the counsel for the Defendant has "willfully and consistently violated the Federal Rules for (sic) Civil Procedure, regarding the requirements for discovery" by (1) "refus[ing] to participate in good faith to formulate a discovery Plan (sic), and has further refused plaintiff's request for an in person conference to discuss the nature of the claims and defenses of the case . . . [as required by] Rule 26(f); [(2)] refus[ing] to follow the requirements of F.R.C.P[.] 26(d) in that he has not requested leave of this Court to allow the discover (sic) request prior to a discovery plan being composed; [and (3)] knowingly committ[ing] fraud by stating his notice of deposition is 'pursuant to Federal Court Rules'."[2] *See* Pl.'s Mot. Sanc. Def. Council (sic).

In pursuit of his motion, the Plaintiff has advanced two arguments: First, he submits that the Defendant's attorney has refused to confer with him, as required by Fed. R. Civ. P. 26(f). In addition, he complains that the counsel for the Defendant has violated another Federal Rule of Civil Procedure by serving a "Notice of Taking Deposition Duces Tecum" upon him on three separate occasions, all in violation of Fed. Civ. R. P. 26(d).[3] *See* Br. Supp. Pl.'s Mot. Sanc. Def. Council

---

[2] The Plaintiff has also attempted to reinitiate the complaints and arguments that were made by him in his earlier motions before this Court. *See* Br. Supp. Pl.'s Mot. Sanc. Def. Council (sic) at 6. However, since all of these issues have been addressed and resolved, the Court will not revisit them in this Order.

[3] Fed. R. Civ. P. 26(d) states, in part, that "[e]xcept . . . by . . . agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."

(sic) at 4.

In its attempt to address the requests for sanctions that have been raised by the Plaintiff, the Court notes that (1) Fed. R. Civ. P. 26(g)(3) only refers to disclosures, discovery requests, responses, and objections that are made under Fed. R. Civ. P. 26(g)(2), (2) neither Rule addresses or applies to the claimed violations of Fed. R. Civ. P. 26(f), and (3) his motion and brief fails to cite or identify any other provision under the Federal Rules of Civil Procedure to support his request for sanctions.

In his response to the Plaintiff's quest for sanctions, the counsel for the Defendant asserts that "[t]he parties have indeed met and discussed the specifics of the discovery, agreeing that the discovery shall last 120 days. . . . [T]he parties did agree to a time table for discovery." Def. AFSCME's Resp. Pl.'s Mot. Sanc. "Council" (sic) at 2. In light of these assertions, none of which have been rebutted, the Court concludes that the issuance of the several "Notices of Taking Deposition Duces Tecum" was based upon the reasonable "knowledge, information, and belief" by the counsel for the Defendant that his disposition request was "consistent with the rules [in particular Fed. R. Civ. P. 26(d)]," as required by Fed. R. Civ. P. 26(g)(3).[4] For the same reason, the Court does not conclude that the Defendant's attorney "knowingly committed fraud by stating that his notice of deposition is 'pursuant to Federal Court Rules'." *See* Pl.'s Mot. Sanc. Def. Council (sic). Accordingly and for the reasons that have been stated above, the Plaintiff's "Motion for Sanctions Against Defense Council (sic)" must be, and is, denied.

---

[4]The Court makes no determination as to whether the conversations between the Plaintiff and Defense Counsel constitutes an "agreement" between the parties under Fed. R. Civ. P. 26(f).

II.

In its examination of the counter request for sanctions against the Plaintiff, the Court must look to Fed. R. Civ. P. 11 which reads in pertinent part as follows:

> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

In determining whether sanctions under this Rule are appropriate, a reviewing court must evaluate "whether the individual attorney's conduct was reasonable under the circumstances." *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997). Moreover, a litigant in violation of Fed. R. Civ. P. 11 "is not shielded from a finding that he violated Rule 11 by virtue of his having brought [an] action *pro se*." *See Golyar v. McCausland*, 738 F. Supp. 1090, 1098 (6th Cir. 1990).

However, in light of the Plaintiff's *pro se* status and presumed legal inexperience, the Court concludes that the movant has not sufficiently demonstrated that the basis behind the current motion for sanctions is unreasonable "under the circumstances." Accordingly, this request for sanctions against the Plaintiff must be, and is, denied without prejudice.

IT IS SO ORDERED.

DATED: November 4, 2005                s/ Julian Abele Cook, Jr.
       Detroit, Michigan               JULIAN ABELE COOK, JR.
                                       United States District Judge

Certificate of Service

I hereby certify that on November 4, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

s/ Kay Alford<br>Courtroom Deputy Clerk