UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


NATHANIEL BRENT,

        Plaintiff,                        Case No.  05-71186

v.                                           District Judge Julian Abele Cook
                                                Magistrate Judge R.  Steven Whalen

AMERICAN FEDERATION OF
STATE, COUNTY, and MUNICIPAL
EMPLOYEES LOCAL 207,

        Defendant.

_____/

**ORDER GRANTING MOTION TO COMPEL DISCOVERY**

Before the Court is Defendant's Motion to Compel Discovery, for Sanctions, and to Adjourn Settlement Conference [Docket #35].[1]  Specifically, the Defendant seeks to compel a deposition duces tecum of the Plaintiff.

The Plaintiff filed his Complaint in February of 2005, proceeding without counsel. On December 16, 2005, counsel entered an appearance on behalf of Plaintiff.  Defendant served a notice of taking Plaintiff's deposition in January of 2006.  A telephonic conference, as well as written correspondence ensued between Defendant's attorney and

---

[1] The motion is erroneously titled "Plaintiff's Motion," but is signed by Defendant's counsel, and requests relief on behalf of the Defendant.  It is clear that the motion's title is a clerical error, and the Court will construe this as Defendant's motion.

Plaintiff's attorney, regarding the deposition and the impact of a separate lawsuit between the Plaintiff and the City of Detroit. The Plaintiff's deposition was re-notice in April of 2006. Plaintiff's counsel responded with a request to reschedule the deposition to a different date.[2] Subsequently, Plaintiff's counsel withdrew, and Plaintiff is now proceeding *pro se*.

Plaintiff argues that the notice of deposition is premature under Fed.R.Civ.P. 26(d) because the parties have not yet met and conferred as required by Rule 26(f). However, as noted above, Defendant's and Plaintiff's counsel did in fact confer while Plaintiff was represented. While no written discovery plan was generated, Rule 26(d) refers to the *conference*, not to the discovery plan. Furthermore, it appears to the Court that the attorneys did agree to the Plaintiff's deposition, although were unable to agree to a date before counsel withdrew.[3]

Furthermore, even if the notice of deposition were considered premature under Rule 26(d), Rule 30(a)(2)(C) vests this Court with discretion to grant leave to take a deposition before the time specified in Rule 26(d). The Court also has discretion under Rule 26(b)(2) to control or alter discovery under the Rules, and the Court would therefore exercise that discretion to compel the Plaintiff's deposition. This case has been lingering

---

[2] Defendant filed as an exhibit Correspondence between counsel, under Docket #38.

[3] In addition, a scheduling conference was held before Judge Cook on August 21, 2006.

for too long.  The Plaintiff is proceeding without counsel, and the course of this litigation, as well as the related litigation in *Brent v. City of Detroit, et.al.*, No. 05-71095, has been unduly contentious.  Defendant's motion for summary judgment was filed on August 25, 2006. The Plaintiff's deposition must occur, and it must occur soon.

Accordingly, the Defendant's Motion to Compel [Docket #35] is GRANTED. Plaintiff's deposition duces tecum will be held withing 14 days of the date of this order.

In recognition of the fact that Plaintiff is proceeding *pro se*, the Defendant's request for sanction is DENIED.  However, the Plaintiff is advised that in the future, he should not expect the Court to be so lenient if he is found to be non-cooperative in discovery.

On June 12, 2006, Judge Cook entered an order adjourning the settlement conference [Docket #39].  Therefore, that request, as it appears in the present motion, is DISMISSED AS MOOT.

Finally, Plaintiff's failure to comply with this Order, or with any Order of this Court, will result in severe sanctions under Fed.R.Civ.P. 37(b), including striking his pleadings, refusing to allow him to support or oppose designated claims or defenses, prohibiting him from introducing designated matters in evidence, and dismissing the action.

SO ORDERED.

          S/R.  Steven Whalen
          R.  STEVEN WHALEN
          UNITED STATES MAGISTRATE JUDGE

Dated:  October 26, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 26, 2006.

          S/Gina Wilson
          Judicial Assistant