UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL BRENT,

        Plaintiff,

v.

AMERICAN FEDERATION OF STATE, COUNTY
AND MUNICIPAL EMPLOYEES LOCAL 207,

        Defendant.

Case number 05-71186

Honorable Julian Abele Cook, Jr.

ORDER

On February 22, 2005, the *pro se* Plaintiff, Nathaniel Brent ("Brent"), initiated this case, in which he charged the Defendant, American Federation of State, County and Municipal Employees Local 207 ("Union"), with a violation of his fundamental rights under Title VII of the 1964 Civil Rights Act.

At issue before the Court is a contested motion for the entry of a summary judgment that was filed by the Union on August 25, 2006. For the reasons that have been set forth below, the Court will grant the Union's request for a summary judgment.

I.

This lawsuit involves a claim by Brent, a former municipal employee of the City of Detroit, Michigan, who has accused the Union of maintaining a hostile work environment, utilizing racially insensitive language in its newsletter, *Local 207 Organizer*, and adopting official positions that were fundamentally offensive to him. He points to the October 22, 2002 edition of the *Local 207 Organizer,* in which the Union characterized a proposed reorganization of the City's water

department as "racist," and in doing so, urged suburban ratepayers to "disassociate themselves from it." (Pl.'s Resp. to Def.'s Mot for Summ. J., Exhibit A.) The same newsletter publication described those persons who had challenged the University of Michigan's affirmative action policy as "well funded right wing racists." It was the distribution of this newsletter, along with some critical comments by one of the Union's officers, Michael Mulholland,[1] that caused Brent to voluntarily resign his position with the City.

### III.

In 1986, the Supreme Court opined that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). At the same time, the language within Federal Rule of Civil Procedure 56(c) indicates that a motion for a summary judgment should be granted only if a party "show[s] that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Here, the burden is on the movant to demonstrate the absence of a genuine issue of a material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In assessing a summary judgment motion, the Court must examine any pleadings, depositions, answers to interrogatories, admissions, and affidavits in a light that is most favorable to the non-moving party. Fed. R. Civ. P. 56(c); *see United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984). Thus, it is the responsibility of the Court to determine "whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477

---

[1] According to Brent, Michael Mulholland (Secretary/Treasurer of the Union ) told the Detroit City Council on February 26, 2004 that "there's nothing in this town that is not tainted by white racism." (Pl.'s Resp. To Def.'s Mot for Summ. J. p. 3.)

U.S. at 250.

A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Hence, a summary judgment must be entered if (1) the submitted evidence in support of the dispositive motion clearly suggests that the contested matter is "so one-sided that [the proponent] must prevail as a matter of law," *id.* at 252, or (2) the opponent fails to present evidence which is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. Upon such a showing, the non-moving party must act affirmatively in order to avoid the entry of a summary judgment. Fed. R. Civ. P. 56(e). Importantly, the presentation of a mere scintilla of supporting evidence is insufficient. *See Anderson*, 477 U.S. at 252, *quoted in Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). Indeed, "[i]f the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

IV.

Section 703(c) of Title VII prohibits labor organizations from discriminating on the basis of race. 42 U.S.C. § 2000e-2(c). In essence, this statute specifically prohibits any labor organization from conducting any act that is designed:

(1) to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin;

2) to limit, segregate, or classify its membership or applicants for membership, or to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's race, color, religion, sex, or national origin; or

(3) to cause or attempt to cause an employer to discriminate against an individual in violation of this section.

3

42 U.S.C. § 2000e-2(c).

Contrary to Brent's assertions, none of his factual allegations support any of the specifically prohibited employment practices that have been outlined in 42 U.S.C. § 2000e-2(c). Rather, Brent, while condemning the Union's use of words, as well as his disagreement with the tone of its published language, asserts that he was forced to resign under these circumstances. However, in order to allege a hostile work environment under Title VII, an aggrieved party, such as Brent, must establish a prima facie case with the proffer of adequate proof that will satisfy each of the following five elements:

1. He was a member of a protected class;
2. He was subjected to unwelcome racial harassment;
3. The alleged harassment was based on his race;
4. The claimed harassment had the effect of unreasonably interfering with his work performance by creating an intimidating, hostile, or offensive work environment; and
5. The existence of employer liability.[2]

*Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999).

Significantly, Brent, who is white, does not allege that he is a member of a protected class. Moreover, he does not contend to have experienced any racial harassment that was directed specifically at him. Finally, Brent's claim neither describes nor incorporates any interference by the Union with his work performance. Rather, he only complains about being forced to resign, without providing any information to support his claim that his work environment suffered from

---

[2]In this case, Brent is suing his former union - not his employer. Courts are divided on whether a labor organization can be held liable for a hostile work environment claim by a member in the same way that employers are held liable. *See Dowd v. United Steelworkers of America*, 253 F.3d 1093, 1102 (8th Cir. 2001), which determined that unions can be liable; *but see Kasper v. City of Middletown*, 352 F.Supp.2d 216, 234 (D. Conn. 2005), finding that claims against unions for hostile work environment fail as a matter of law. The Sixth Circuit Court of Appeals has not addressed this issue. Thus, for the purposes of this motion, the Court will assume that a labor union can be held liable for hostile work environment claims.

"racial tensions."

V.

In addition to his claims of racial discrimination under Title VII, Brent also claims that the Union failed to properly represent him "regarding [his] disciplinary actions and grievances."[3] In its motion for summary judgment, the Union cites the National Labor Relations Act and contends that Brent's claim should be dismissed because the Court lacks federal subject matter jurisdiction to resolve his grievance.

As the exclusive bargaining representative of its members, it is well established that a labor union has a statutory duty to fairly represent all of its members in its collective bargaining with an employer, as well as in the enforcement of its contracts with management. *Vaca v. Sipes,* 386 U.S. 171 (1967). A union is deemed to have violated its duty of fair representation in the handling of an employee's grievance if its conduct toward a member is arbitrary, discriminatory, or exercised in bad faith. 29 U.S.C. § 158(b); *Vaca,* 386 U.S. at 177. The National Labor Relations Act gives members of labor organizations the right to sue their union for unfair labor practices, such as a violation of the duty of fair representation. 29 U.S.C. § 185(a).[4] However, this statute specifically denies federal subject matter jurisdiction to public

---

[3]Brent says that the Union met with representatives of the City without his knowledge or consent in violation of his rights under the parties' collective bargaining agreement.

[4]Section 301(a) of the National Labor Relations Act, 29 U.S.C. § 185(a): provides:
Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

employees of political subdivisions. 29 U.S.C. § 152(2).[5] In 1990, the Sixth Circuit Court of Appeals found that the political subdivision exemption applies to those entities that are "either (1) created directly by the state, so as to constitute departments or administrative arms of the government, *or* (2) administered by individuals who are responsible to public officials or to the general electorate." *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 271 (6th Cir. 1990).

In this case, Brent describes his former employer only as "the City of Detroit." (Pl.'s Compl. p. 1.). The highest office in the City of Detroit is that of the mayor, who is an elected official. Thus, his former employer, the City of Detroit, is a political subdivision that is administered by individuals who are responsible to the general electorate. Thus, this Court is without subject matter jurisdiction to evaluate the claims of Brent, a public employee, who seeks to pursue his claim against the Union under the National Labor Relations Act.

## VI.

Following its review of the record and for the reasons that have been set forth above, the Court concludes that there are no genuine issues of a material fact in this case. Moreover, even if Brent's claims had been evaluated in a light that is most favorable to him, the Court would have concluded that he had failed to (1) set forth a prima facie case under Title VII, and (2) proffer a sufficiency of facts, upon which federal subject matter jurisdiction could be established.

---

[5] Section 2(2) of the Labor Management Relations Act**,** 29 U.S.C. § 152(2) states:
   The term "employer" . . . shall not include . . . any State or political subdivision
   thereof . . . or any labor organization (other than when acting as an employer).

Accordingly, and for the reasons that have been set forth above, the Union's motion for the entry of a summary judgment must be, and is, granted.

IT IS SO ORDERED.

Dated: January 9, 2007                             s/ Julian Abele Cook, Jr.
    Detroit, Michigan                          JULIAN ABELE COOK, JR.
                                                                          United States District Court

Certificate of Service

I hereby certify that on January 8, 2007,  I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                                              s/ Kay Alford
                                                                              Courtroom Deputy Clerk